I was strongly of the impression that the provision of the statute (section 1876) that the reporter "shall be paid his traveling expenses actually and necessarily incurred in the performance of his part of said contract outside of the county in which he resides * * *" was intended as an express limitation upon the power of the judge to agree to pay, and upon the reporter to receive payment for, traveling expenses incurred while traveling in the county of his residence. To my mind the language of the statute, literally applied, is to that effect. The majority of the court is, however, as strongly and perhaps more strongly of the opinion that the statute is subject to the construction given it by Mr. Justice CHERRY in his opinion. I concede that there are some urgent reasons why that construction may be the proper one. In view of that, I cheerfully yield to the judgment of the majority, and therefore concur in the granting of the writ.